IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LAURA LUCKADUE                                                                                    PLAINTIFF

CASE NO. 4:24-CV-00533-BSM

NORTH LITTLE ROCK SCHOOL DISTRICT                                      DEFENDANT

**ORDER**

The North Little Rock School District's motion for summary judgment [Doc. No. 10] is granted and Laura Luckadue's complaint is dismissed with prejudice.

I. BACKGROUND

According to the District's statement of undisputed facts (SUMF), Doc. No. 12, and Luckadue's response (Resp.), Doc. No. 20, the undisputed facts are as follows.

Luckadue was a child nutrition assistant for the District until 2024, when her contract was not renewed. SUMF ¶ 1. Before her contract was not renewed, Luckadue had been suspended for five days, and her shift was changed from the morning shift to the afternoon shift. Resp. ¶¶ 3 and 16. Luckadue argues that the District suspended her, changed her shift, and failed to renew her contract because she requested reasonable accommodations for a disability and because she filed charges of discrimination against the District. Resp. ¶¶ 1–3 and 10–14. The District, however, argues that it suspended Luckadue, changed her shift, and decided not to renew her contract because of her disciplinary issues. SUMF ¶¶ 2–8 and 49–55. Luckadue is suing for discrimination and retaliation under the Americans with Disabilities Act, and common law constructive discharge. The District is moving for

summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in her pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

A. <u>ADA</u>

Summary judgment is granted on Luckadue's ADA retaliation and failure-to-accommodate-claims.

*1. Retaliation*

Luckadue argues the District retaliated against her by (1) failing to renew her contract when she filed charges of discrimination and requested accommodations for her disabilities, and (2) suspending her for requesting accommodations for her disabilities.

Luckadue does not present direct evidence of retaliation, so she must show that

retaliation can be inferred from the District's actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 917 (8th Cir. 2007). To do so, Luckadue must first establish a *prima facie* case of retaliation by showing that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal connection between the two. *See Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 758 (8th Cir. 2016). If she does this, the burden shifts to the District to provide a legitimate, non-retaliatory reason for the adverse employment action. *See Mitchell v. Iowa Prot. & Advocacy Servs., Inc.*, 325 F.3d 1011, 1013 (8th Cir. 2003). If the District meets this burden, the burden shifts back to Luckadue to show that the reasons provided by the District are merely pretext for discrimination. *Id.*

Summary judgment is granted on Luckadue's claim that the District failed to renew her contract because she filed charges of discrimination against it. Although Luckadue engaged in protected activity when she filed charges of discrimination against the District and she suffered an adverse employment action when the District declined to renew her contract, there is nothing in the record showing that these events are related. Indeed, Luckadue testified that she does not believe the District failed to renew her contract because of her EEOC charges. *See* Luckadue Dep., 265:6–11, Doc. No. 10, Ex. A.

Even if Luckadue presented a *prima facie* case, the District provided legitimate, non-discriminatory reasons for not renewing her contract. The District has produced Luckadue's attendance and disciplinary records, which show that Luckadue (1) was consistently disrespectful, unprofessional, and insubordinate in the workplace, (2) failed to fulfill her job

3

duties, (3) was regularly tardy for her shifts; and that (4) between July 2021 and April 2023, she was absent from work a total of ninety-seven days. *See* Def.'s Br. Supp. Mot. Summ. J. at 1–2 and 18–20. And, Luckadue has failed to show that these reasons are pretext.

Summary judgment is also granted on Luckadue's claim that the District failed to renew her contract because she requested an accommodation, because she fails to establish a *prima facie* case. This is true because Luckadue does not show that her request for an accommodation and the non-renewal of contract are related. Luckadue testified that she did not believe the District's failure to renew her contract was because of her request for an accommodation. *See* Luckadue Dep., 264:24–265:5. Rather, Luckadue admits the District's decision to not renew her contract was based on her workplace misconduct and disciplinary history. *Id*.

Even if Luckadue established a *prima facie* case, the District provided non-discriminatory reasons for not to renewing her contract. Again, the District produced records showing that Luckadue was repeatedly disciplined for workplace misconduct and that she never returned to work after her suspension, and Luckadue presented no evidence showing the District's reasons are pretext.

Finally, summary judgment is granted on Luckadue's claim that the District suspended her in retaliation for requesting an accomodation because she has failed to make out a *prima facie* case. Here too, Luckadue fails to show that the District's decision to suspend her was related to her request for an accommodation. First, Luckadue testified that she believes she was suspended because the District believed she hit a co-worker with a trash can—not

4

because she requested an accomodation. *See* Luckadue Dep., 264:13–16. Second, the District has provided evidence showing that the decision to suspend Luckadue was made before she requested accommodations. *See* Def.'s Br. Supp. Mot. Summ. J. at 13–14. Accordingly, Luckadue has failed to establish a *prima facie* case.

Even if Luckadue established a *prima facie* case, the District provided legitimate, non-discriminatory reasons for suspending her. The District produced records showing that Luckadue was suspended because of her tardiness, hitting another staff member with a trash can, shoulder bumping the same staff member, and defying protocol and the chain of command. *See* Def.'s Br. Supp. Mot. Summ. J. at 13–14; *see also Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006) ("We have consistently held that violating a company policy is a legitimate, non-discriminatory reason for terminating an employee."). Luckadue fails to show these reasons are pretext.

### 2. Failure to Accommodate

Summary judgment is granted on Luckadue's failure-to-accommodate claim. Luckadue argues that the District's refusal to move her to the morning shift after she informed the scheduling director that her vertigo prevented her from working the afternoon shift was a failure to provide a reasonable accomodation. *See* Luckadue Dep. at 159:2–23. To state a failure-to-accommodate claim, Luckadue "must establish both a *prima facie* case of discrimination based on disability and a failure to accommodate it." *Shaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015). To state a *prima facie* case of discrimination, Luckadue must show that (1) she was disabled as defined by the ADA; (2)

5

she was qualified to perform the essential functions of the job; and (3) she suffered an adverse employment action because of her disability. *See Higgins v. Union Pac. R.R. Co.*, 931 F.3d 664, 669 (8th Cir. 2019). If Luckadue establishes a *prima facie* case, the District must present a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the district meets its burden, Luckadue must show that the district's reason is merely pretext for discrimination. *Id.*

Summary judgment is granted on Luckadue's failure to accommodate claim because Luckadue is not a qualified individual with a disability, and therefore, she cannot establish a *prima facie* case. *See Peyton v. Fred's Stores of Ark., Inc.*, 561 F.3d 900, 903 (8th Cir. 2009) ("a person who cannot perform any of the functions of the job, with or without a reasonable accommodation, cannot, as a matter of law, be considered 'otherwise qualified' under the ADA"). Maintaining cooperative and respectful working relationships was one of the functions of Luckadue's job, and the record indicates that Luckadue was repeatedly disciplined and hit a co-worker with a trash can. *See* Def.'s Br. Supp. Mot. Summ. J., Exs. 4, 10–13, 16, 19, 22–26; *Walz v. Ameriprise Fin., Inc.*, 779 F.3d 842, 845 (8th Cir. 2015) (the ability to work with others may be a job-related requirement). Luckadue also repeatedly failed to show up for work. *See Id.* at Ex. 15; *Lipp v. Cargill Meat Sols. Corp.*, 911 F.3d 537, 544 (8th Cir. 2001) ("An employee who is unable to come to work on a regular basis is unable to satisfy any of the functions of the job in question, much less the essential ones.") (cleaned up).

Even if Luckadue established a *prima facie* case, the District has offered legitimate,

6

non-discriminatory reasons for denying her transfer requests, and she has failed to show pretext. The record shows that the District was unable to transfer Luckadue back to the morning shift at her original job site because doing so would have led to more disruptive interactions and physical altercations between Luckadue and other employees on the morning shift. *See* Def.'s Br. Supp. Mot. Summ. J., 12–13. Indeed, Luckadue was transferred from the morning shift to the afternoon shift *because* of her altercations with other co-workers. *See* Jacob Smith Dep. at 43:2–44:25, Doc. No. 10. Further, the District shows that, although it considered transferring Luckadue to the morning shift at a different location, this was not possible because doing so would have led to overstaffing and potential disruptions with other employees. *See Id.*; *Peebles v. Potter*, 354 F.3d 761, 766 (8th Cir. 2004) (reasonable accommodation cannot impose undue burden on the employer). Although Luckadue contends these reasons are pretext, nothing in the record supports this contention.

C.   Constructive Discharge

Summary judgment is granted on Luckadue's constructive discharge claim because, even if she exhausted this claim, there is no evidence that the District committed acts so that Luckadue would quit her job. To establish a claim of constructive discharge, Luckadue must show (1) that a reasonable person in her situation would find her working conditions intolerable, and (2) that the District intended her to quit. *See Rester v. Stephens Media, LLC*, 739 F.3d 1127, 1132 (8th Cir. 2014). Nothing indicates that the District intended for Luckadue to quit. On the contrary, the record shows that the District made numerous efforts to retain Luckadue by putting her on performance improvement plans, issuing her warnings,

moving her to a different shift, and suspending her, rather than firing her. *See* Br. Supp. Def.'s Mot. Summ. J., Exs. 4, 10, 12, 13, 16, 19, 22, 26, 34. All of the evidence points to the fact that Luckadue voluntarily resigned.

## IV. CONCLUSION

For these reasons, the District's motion for summary judgment is granted and Luckadue's complaint is dismissed with prejudice.

IT IS SO ORDERED this 15th day of December, 2025.

_____
UNITED STATES DISTRICT JUDGE